**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

SYLVIA NICOLE,

Appellant,

v.

AMERICAN AUTOMOBILE ASSOCIATION OF NORTHERN CALIFORNIA, NEVADA & UTAH,

Appellee.

Case No. 1:26-cv-05482 JLT

ORDER DISMISSING BANKRUPTCY APPEAL FOR LACK OF JURISDICTION

Sylvia Nicole is the debtor in a bankruptcy matter (Case No. 21-10679) and a party in a related adversary proceeding (Case No. 23-01029), both pending in the United States Bankruptcy Court for the Eastern District of California. Ms. Nicole has filed a notice of a bankruptcy appeal in this Court. (Doc. 1.) The notice refers to an order denying her motion to relieve her from deemed admissions in the adversary proceeding. (*See id.* at 1; *see also* No. 23-01029, Docs. 195, 305, 340, 343.) She is appearing without an attorney (pro se).

The Court reviewed the notice of appeal and ordered Ms. Nicole to show cause why it should not be dismissed for lack of jurisdiction, citing the relevant federal statute, noting the "interlocutory" or nonfinal nature of the order she is challenging, and making clear that she had not been granted permission to file an appeal. (Doc. 4.) Ms. Nicole responded by stating that she

had filed all necessary documents and paid the filing fee; she did not discuss the statute and other topics cited in the order to show cause. (*See* Doc. 5.) The Court has now reviewed the record and has confirmed its preliminary conclusion that this appeal must be dismissed for lack of jurisdiction.

First, the challenged bankruptcy court order is not a "final" order, judgment, or decree under the terms of 28 U.S.C. § 158(a). "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37 (2020) (citing *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)). An order is not "final" just because it resolves a "contested matter," even an "important" matter that "should be addressed immediately." *In re Gugliuzza* (*Gugliuzza v. Fed. Trade Comm.*), 852 F.3d 884, 892, 893 (9th Cir. 2017) (quoting *Bullard v. Blue Hills Bank*, 575 U.S. 496, 505, 508 (2015)). There are separate rules for resolving important but non-final matters, as discussed below. Because the bankruptcy court's decision not to relieve Ms. Nicole of her deemed admissions did not alter the status quo, fix the parties' rights and obligations, or alter their legal relationship, it is not a "final" order or decree under § 158(a). *See Bullard*, 575 U.S. at 502, 506. This means she cannot file an appeal as of right.

Second, as noted, federal law does permit appeals from "interlocutory orders and decrees," but only "with leave of court." 28 U.S.C. § 158(a)(3). To appeal an interlocutory order or decree, "a party must file with the bankruptcy clerk a notice of appeal under Rule 8003(a)." Fed. R. Bankr. P. 8004(a). If, as in this case, "an appellant files a timely notice of appeal under this rule but fails to include a motion for leave to appeal, the district court . . . may: (1) treat the notice of appeal as a motion for leave to appeal and grant or deny it; or (2) order the appellant to file a motion for leave to appeal within 14 days after the order has been entered—unless the order provides otherwise." Fed. R. Bankr. P. 8004(d). The Court has elected in this instance to treat the notice of appeal as a motion for leave to appeal and to deny that request. That course is the most efficient and just in the circumstances.

Courts rely on the requirements listed in 28 U.S.C. § 1292(b) when they decide whether to grant a request to pursue an interlocutory appeal. *See, e.g.*, *In re Hoag Urgent Care-Tustin, Inc.*,

No. 19-2345, 2020 WL 1280205, at *2 (C.D. Cal. Mar. 5, 2020) (citing *In re Travers*, 202 B.R. 624, 626 (B.A.P. 9th Cir. 1996)). Under that statute, "leave to appeal a bankruptcy court's interlocutory order is proper only where: (1) 'the order involves a controlling question of law'; (2) there 'is substantial ground for difference of opinion' regarding the bankruptcy court's resolution of that question; and (3) 'the appeal is in the interest of judicial economy because an immediate appeal may materially advance the ultimate termination of the litigation.'" *Id.* (quoting *Travers*, 202 B.R. at 626).

The challenged bankruptcy court order does not satisfy these requirements. First, it does not involve any controlling questions of law. It addresses a discrete discovery matter. Second, there is no substantial ground for difference of opinion. The relevant rules are clear and settled, and the relevant record was undisputed. Third, an immediate appeal will not materially advance the adversary proceedings. It would more likely lead to unnecessary delays and complications. Other district courts have reached similar conclusions in similar circumstances. *See, e.g.*, *In re Firestar Diamond, Inc.* (*Modi v. Levin*), No. 25-9434, 2026 WL 2199748, at *3–4 (S.D.N.Y. July 30, 2026) (denying request to file a pro se interlocutory appeal to challenge an order on deemed admissions).

The appeal is therefore **DISMISSED** for lack of jurisdiction. The Clerk's Office is directed to close the case and enter judgment for the appellee.

IT IS SO ORDERED.

Dated: October 23, 2026

UNITED STATES DISTRICT JUDGE